### JAMES FULLER v. REUBEN HAFF ET AL.

COURTS OF EQUITY HAVE NO AUTHORITY TO HEAR ANEW QUESTIONS OF FACT.

The act of 1891, amending sec. 4560, Rev. Stat., 88 O. L., 504, was not intended to give authority to courts of equity to hear anew questions which the laws provide shall be submitted in the first instance to county commissioners and township trustees in ditch proceedings, upon its being suggested that such inferior tribunals have come to many conclusions upon questions of fact.

BENTLEY, J.

The plaintiff in this case complains of injustice inflicted upon him, as he says, by the order of the township trustees of Townsend township, Sandusky county, in locating and establishing a certain township ditch through the lands of plaintiff and others in 1881, and in the apportionment to the plaintiff of a large amount of said ditch to construct—being all of the ditch through his land. He also complains of said action of the trustees in providing that said ditch should be an open one instead of allowing the plaintiff to tile that portion of his own land, which tiling he says he is willing to do and which would be of no injury to Haff or the trustees or to himself, while the open ditch would be an injury to him. He also says that the ditch, as petitioned for, ran direct to a natural water course upon his land after traversing his land only about 35 rods, but the trustees without authority changed the route so as to reach the same water course upon his land, but at a different point, after traversing upon his land the two sides of

a right-angled triangle 77 rods and near to woods which would interfere with a ditch either tiled or open. The plaintiff says that he has sought a remedy for these matters heretofore in two actions which were each taken to the Supreme Court in each of which he was unsuccessful; and he says that said former actions were commenced and prosecuted before the amendment of 1891 of sec.. 4560, Rev. Stat., so that although he is bound to admit that the adjudications in those cases conclusively settled the matter against him as to any relief as the law then stood, yet said amendment of 1891 making sec. 4491 applicable to township ditches, now gives courts of equity jurisdiction to award him relief by inquiring into the general justice of the whole proceeding before the trustees, and even if there be nothing actually erroneous in them correcting any gross injustice and making such order in the premises as shall be just and equitable, he prays that he may be allowed to make said direct tile ditch that the expenses may be reapportioned and that the defendants may be restrained pending this action from selling the construction of said open ditch through his land and for general relief.

On the hearing before us he offered, without objection, affidavits to the effect that the ditch as laid was of no public utility, of no benefit to him or to his land, and these were met by counter affidavits on behalf of the defendants.

We do not think that the amendment of 1891 was intended to give authority to courts of equity to hear anew questions which the laws provide shall be submitted in the first instance to county commissioners and township trustees in ditch proceedings, upon its being suggested that such inferior tribunals have come to wrong conclusions upon questions of fact. Whether a ditch will be conducive to public health, etc., is to be submitted to the commissioners or trustees, and while courts of error will supervise if the record discloses affirmatively as in *Mc. Quillen* v. *Hatton*, 42 O. S., 202, that an erroneous construction of the statute has been followed, courts of equity will not, ordinarily at least, set aside their conclusions of fact upon such questions, nor grant the right to tile a ditch where such permission has been refused by township trustees merely because the court might think that, from the facts disclosed, the privilege or right to tile ought to have been granted.

The ditch proceedings were pending at the time of the adoption of the said amendment of 1891. This amendment was not made in terms to apply to such matters as should be then pending or existing, and it is doubtful whether under sec. 79 such express provision would not be necessary. But if it might be said that said law of 1891 provided a new remedy for parties who had suffered a wrong, and that they should be allowed its benefits as though it were an independent enactment and not an amendment to an existing statute, still we do not think it should be held to apply to a case like the present, virtually reopening a controversy which had long been settled by the highest tribunal of the state. To apply it here would be to allow its application in a multitude of past transactions and proceedings to the unsettling of judgments and orders, which, certainly, was never intended. In strictness, the plaintiff's petition is not such as is mentioned in sec. 4560 or 4491 in defining the kinds of action in which the court might grant the relief therein provided for. These sections do not allow interference with the orders of the trustees or commissioners unless error has so intervened in them as to warrant the court in setting them aside except that "without finding such error the court may correct any gross injustice in the apportionment." In this case, any correction of the apportionment in favor of the plaintiff would be to order that he dig or pay for less, and that other parties dig or pay for more of the ditch as ordered constructed than is provided in the order of the trustees. Such a correction by the court, in view of the history of the record and the repeated adjudications in favor of the defendants upon it, would trench upon the principle of *res adjudicata* and be finally futile. We are therefore constrained to deny the application to suspend the order dissolving said temporary injunction

We have considered this matter as if there were no doubt as to our jurisdiction, but there are no papers or transcripts before us showing that the order complained of has been actually appealed to the circuit court and the appeal perfected. Doubtless counsel are right in the statement that the appeal has been perfected, but in strictness the papers should have been marked filed in the circuit court and a certificate from its clerk should have shown the filing of the bond.